UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JENNIFER ADAMCZAK and**
**MICHAEL ADAMCZAK**
4956 S. 69th Street
Greenfield, WI 53220,

    Plaintiffs,

    v.

Case No. 19-CV-1596

**VILLAGE OF GREENDALE**
6500 Northway
Greendale, WI 53129,
**POLICE CHIEF RYAN ROSENOW**
Individually and in his Official Capacity
5911 W. Grange Avenue
Greendale, WI 53129,
**VILLAGE MANAGER TODD MICHAELS**
Individually and in his Official Capacity
6500 Northway
Greendale, WI 53129,

    Defendants.

## COMPLAINT

The plaintiffs, Jennifer and Michael Adamczak, by their attorney, William R. Rettko, alleges and shows to the court as follows:

### NATURE OF THE CASE

This action is brought because of retaliation against Jennifer and Michael Adamczak for opposing discriminatory employment practices under the ADA in violation of 42 U.S.C. §12203(a) and 42 U.S.C. §2003e-3(a) Title VII, and the First Amendment to protect plaintiffs from retaliation from filing a complaint alleging disability discrimination and retaliation which is made actionable under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, and the Equal Employment Opportunity Commission's Notices of Right to Sue Within 90 Days; a copy of which are attached hereto as Exhibits A and B incorporated as if set forth at length herein.

## PARTIES

1. Plaintiff Jennifer Adamczak ("Jennifer Adamczak"), is an adult resident of the County of Milwaukee, State of Wisconsin, and has been employed continuously by the Village of Greendale as a dispatcher in the Greendale Police Department ("GPD") since 1990.

2. Plaintiff Michael Adamczak ("Michael Adamczak") is an adult resident of the County of Milwaukee, State of Wisconsin, and has been employed continuously by the GPD continuously since October 1992 and was promoted to his current rank of Sergeant on January 3, 2007.

3. Defendant, Village of Greendale ("Village"), is a municipal corporation with its principal offices located at 6500 Northway, Greendale, Wisconsin 53129 and is and was at all material times hereto a municipal employer including the employer of GPD employees Jennifer and Michael Adamczak.

4. Defendant Police Chief Ryan Rosenow ("Chief"), is the Police Chief for the GPD whose principal address is located at Greendale Safety Center, 5911 W. Grange Avenue, Greendale, WI 53129, and as Chief ultimately made the decisions regarding assignments, promotions, training and job evaluations for all members of the GPD including the plaintiffs; and is a party in both his individual and official capacities.

5. Defendant Todd Michaels ("Village Manager"), is the Village Manager for the Village of Greendale (hereinafter "Village") whose principal address is 6500 Northway, Greendale, WI 53129, and in his position as Village Manager was responsible for the actual wages paid to the plaintiffs.

## STATEMENT OF CLAIMS

6. On December 31, 2014, the plaintiffs filed Case No. 14-CV-1618 in the Eastern District of Wisconsin claiming that plaintiff Jennifer Adamczak was discriminated against by the Village due to her disability and that both she and her husband Michael had been retaliated against due to her claims of discrimination.

7. On September 15, 2017, the presiding court in Case No. 14-CV-1618 entered a Decision and Order denying the Village's Motion for Summary Judgment and the matter was then mediated by the Eastern District Court on January 25, 2018 at which time the case was resolved.

8. After the mediation became finalized, the Village Manager had discussion with Jennifer Adamczak that her wages would be corrected going forward beginning on January 1, 2019 to make sure her base pay was increased to correct for the no pay raises and extreme low pay raises received for the years 2012 through 2015 so that she would be restored to the highest paid dispatcher going forward.

9. As of January 1, 2019, Jennifer Adamczak was and is the most veteran dispatcher employed by the Village having 29 years of experience with the Village as a dispatcher in comparison to the next highest experienced dispatcher who had 19 years of experience with the Village.

10. Michael Adamczak also suffered extremely low pay raises or no pay raises during the years 2012 through 2015 in addition to having special duties removed from him throughout

3

2013, being passed over in the Lieutenant promotional process in September 2013, and in late 2012 was removed from day shift and placed on second shift although being the most senior Sergeant which on past practice was always assigned to day shift.

11. After the resolution of Case No. 14-CV-1618 in September of 2018, Michael Adamczak applied for an open Lieutenant position, a position he previously alleged was denied by the former Police Chief due to retaliation for his wife Jennifer's discrimination and retaliation charge, but was again passed over by the Chief for a Sergeant who had 15 years less of experience with the GPD and 6 years less of experience as a Sergeant in comparison to Mr. Adamczak.

12. In addition, during the entirety 2018 and up through August 2019, Mr. Adamczak was again denied his request to be placed back onto day shift although being the most senior Sergeant within the GPD and also received lower performance evaluations resulting in lower pay increases for 2018.

13. Further, during 2018 and to present, Mr. Adamczak has been denied multiple requests for training by the Chief on the basis Mr. Adamczak's schedule could not be adjusted to accommodate for such training, although accommodating the schedules of other Sergeants and officers to ensure they received the training they requested.

14. In October 2018, Mr. Adamczak requested to be retired, but was told he would not be allowed to earn any paid vacation for the upcoming year at his retirement, and as such, Mr. Adamczak announced he would postpone his retirement to October 28, 2019, but was told he could not change his retirement and then when it was determined several days later he could change his retirement, he was denied all requests for training except the necessary training to remain certified as a law enforcement officer.

15. On March 12, 2019, the Chief asked Ms. Adamczak to get her doctor to lift her medical restriction limiting her to working between 7 a.m. and midnight which Ms. Adamczak did not do.

16. Following Ms. Adamczak's inaction to get her medical restriction lifted, the Chief removed her from training and interviewing new hirers.

17. In April 2019, the pay raises effective for January 1, 2019 were announced, and the Village did not correct Ms. Adamczak's pay to make up for the lack of pay raises for the performance years of 2012 through 2015, but instead took her 2.76% performance raise and added it to her unchanged base pay rate which placed her at an hourly rate of $23.26 per hour in comparison to a dispatcher with 18 years of service who was earning $24.77 per hour, and the dispatcher with 19 years of service who earned $24.22 per hour, and it was also learned upon information and belief that a third dispatcher who had 4.5 years of experience and who resigned in March 2019 at earnings of $23.52 per hour was rehired as a part-timer within a few weeks of resigning with an undisclosed pay raise thereby leaving Ms. Adamczak as the 4th highest paid dispatcher although being the most veteran by over 10 years to her next nearest competitor.

18. The 2019 pay range for dispatchers with the Village was from the low end of $17.19 per hour to the high end of $25.22 per hour.

19. Ms. Adamczak is the only dispatcher with a degree in Police Science, and performs extra duties no other dispatcher performs including warrant validation, CIB audits, fingerprint removal, CIB purges, State bail refunds, is the contact person for bank deposits and has trained every dispatcher up through the spring of 2019 including the dispatchers who earn more than she earns.

20. With the 2019 wages being published, Michael Adamczak would be earning a salary of $81,331 per year which was only $290 a year more than a Sergeant who had only seven total years of experience with the GPD and was only a Sergeant with the GPD for one year.

21. The 2019 pay range for Sergeants with the GPD ranged from $72,592 on the low end to $88,726 on the high end with the median being $80,659 per year.

22. The Chief has made it known that he was unhappy about the Adamczaks' prior lawsuit in Case No. 14-CV-1618 claiming that the Adamczaks implicated him as a retaliator when they complained of continued retaliation during 2018 and 2019.

23. The Village Manager made it known that the Village did not have to pay much for the Adamczaks' prior claims as insurance covered most of the damages, and the Village would not now use its funds to rectify the Adamczaks' loss of income going forward especially when Ms. Adamczak complained of continued retaliation when the Village Manager did not follow through with his verbal promise to correct her base pay so that she would be placed as the highest paid dispatcher.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 12203(a) and 42 U.S.C. § 2003e-3(a) FOR RETALIATION

24. Reallege and incorporate herein by reference paragraphs 1 through 23 of this Complaint as if set forth at length herein.

25. The Village and GPD, through the actions of Chief Rosenow, Village Manager Michaels and others retaliated against both Jennifer Adamczak and Michael Adamczak for engaging in protected activity under the Americans with Disabilities Act by having filed Case No. 14-CV-1618, and in opposing the Chief and Village Manager's current acts of harassment and retaliation in the workplace, and by so stating such opposition to the Chief and Village Manager

as they occurred, and in filing charges with the U.S. Equal Employment Opportunity Commission on June 5, 2019.

26. The Village/GPD retaliated against Jennifer Adamczak by failing to correct her base pay to make up for the prior acts of discrimination and retaliation in 2012 through 2015 as promised, and by removing duties from her.

27. The Village/GPD retaliated against Michael Adamczak by denying his request to be placed back on first shift, by again passing him over for the rank of Lieutenant, by failing to correct his base pay as a result of the prior acts of retaliation in 2012 through 2015, by failing to allow him the training which was allowed to others, and by failing to allow him the ability to earn the vacation for 2018-2019 when he felt constructively discharged and therefore planned to retire in October 2018 although allowing others to earn such vacation pay in similar situations.

28. Had Jennifer and Michael Adamczak not engaged in protected activity under the Americans with Disabilities Act and Title VII, the Village/GPD would not have retaliated against them for their actions, all of which were a substantial and motivating factor to discredit Jennifer and Michael Adamczak's reputations by executing a plan to punish both Jennifer and Michael Adamczak for the purpose of dissuading other employees from filing claims of discrimination.

29. As a result of the retaliation Jennifer and Michael Adamczak received from the Village/GPD, they have suffered compensatory damages, including emotional distress and physical harm, loss of reputation, loss of past and future wages and benefits, together with attorney fees as allowed by law.

30. The Village's actions in retaliating against Jennifer and Michael Adamczak together with their deliberate and reckless indifference of the Adamczaks' protected activity under

the Americans with Disabilities Act and Title VII entitle Jennifer and Michael Adamczak to punitive damages as assessed by a jury.

## SECOND CAUSE OF ACTION
## FIRST AMENDMENT RETALIATION MADE ACTIONABLE BY 42 U.S.C. §1983

31. Reallege and incorporate herein by reference paragraphs 1 through 30 of this Complaint as if set forth at length herein.

32. The Adamczaks as citizens engaged in constitutionally protected activity by filing Case No. 14-CV-1618 and through internal communication with the Chief and Village Manager in addressing disability discrimination and retaliation in the workplace which are matters of public concern.

33. As a direct result of filing Case No. 14-CV-1618, pursuing such claim and making subsequent internal complaints of retaliation for taking those actions, the Adamczaks have endured the adverse actions of not having their base wages increased to levels based on their skills, abilities and experience.

34. In addition, Ms. Adamczak has endured adverse actions by having training and hiring duties removed; and Mr. Adamczak has endured adverse actions of being bypassed for promotion to Lieutenant, denied access to appropriate training, continued placement on second shift, lower performance evaluations, and was denied the ability to receive payment for his vacation when he initially planned to retire in October 2018.

35. The Chief and Village Manager each took actions against the Adamczaks as a direct result and/or at least were substantially motivated to take these actions against the Adamczaks for filing/pursuing Case No. 14-CV-1618 and making subsequent complaints of retaliation.

36. The Chief and the Village Manager were acting under color of law, but not within the scope of qualified immunity in retaliating against the Adamczaks because their conduct in

doing so violated the clearly established rights of the Adamczaks not to be retaliated against for exercising their First Amendment right of free speech.

37. As a direct and proximate cause of the defendants' combined actions of retaliation, the Adamczaks have suffered monetary damages, damage to their reputations, their right to pursue economic goals, mental anguish, attorney fees and other expenses.

38. The Chief and Village Manager's actions were and are a willful, wanton, and intentional disregard of the Adamczaks' constitutional rights making punitive damages against the defendants in their individual capacities appropriate and necessary to stop these repeated patterns from occurring.

**WHEREFORE**, Plaintiffs Jennifer and Michael Adamczak respectfully request that this Court:

A. Assume jurisdiction of this case;

B. Declare that the defendants' actions in while acting under the color of law caused an unlawful employment practice against Jennifer and Michael Adamczak by their acts of retaliation against them for opposing practices made unlawful under the Americans with Disabilities Act and Title VII, and enter a declaratory judgment to that effect;

C. Declare the defendants' retaliatory actions while acting under the color of law violated Jennifer and Michael Adamczaks' free speech rights under the First Amendment to the United States Constitution and enter a declaratory judgment to that effect;

D. Award compensatory damages for emotional distress and loss of reputation against the defendants jointly and severally in the sum to be determined by a jury for Jennifer Adamczak and for Michael Adamczak;

E. Award punitive damages against the defendants jointly and severally in a sum to be determined by a jury in favor of Jennifer Adamczak and Michael Adamczak;

F. Award plaintiffs their loss of back pay, future pay, overtime pay and benefits.

G. Grant the plaintiffs their costs, disbursements and attorney fees in bringing this action; and

H. Grant such further relief as the Court deems just and equitable.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted, this 30th day of October, 2019.

**RETTKO LAW OFFICES, S.C.**
Counsel for Plaintiffs


s/William R. Rettko
State Bar No.: 01002608
15460 W. Capitol Drive, Suite 150
Brookfield, WI 53005
(262) 783-7200
bill@rettkolaw.com